OPINION OF THE COURT
Per Curiam.
The instant application is predicated upon an order of the Supreme Court of California filed April 5, 2002, which, following the approval of a stipulation of facts, conclusions of law, and disposition (hereinafter the Stipulation) by the California State Bar Court (hereinafter the SBC) on November 15, 2001, directed, inter alia, that the respondent be placed on probation for a period of three years on condition that he be actually suspended for a period of two years and until he showed satisfactory proof to the SBC of his rehabilitation pursuant to standard 1.4 (c) (ii) of the California Standards for Attorney Sanctions for Professional Misconduct; made restitution in the sums of $17,500 plus 10% interest from August 7, 1998, and $20,000, respectively; furnished satisfactory proof thereof to the Probation Unit of the State Bar Office of Trial Counsel; and took and passed the Multistate Professional Responsibility Examination during the period of his actual suspension. The Stipulation pertained to California State Bar Court Case Nos. 98-0-03329 and 99-0-10669.
In case No. 98-0-03329, it was found that the respondent engaged in grossly negligent acts, in violation of California Business and Professions Code § 6106; failed to maintain, in trust, the sum of $152,743.51, in willful violation of rule 4-100 (A) of the California Rules of Professional Conduct; willfully failed to *3 promptly notify a client that he had received funds on its behalf, in violation of rule 4-100 (B) (1) of the California Rules of Professional Conduct; and willfully failed to provide a client with an accounting for funds, which he claimed as fees and disbursed to himself, in violation of rule 4-100 (B) (3) of the California Rules of Professional Conduct. In case No. 99-0-10669, it was found that the respondent willfully failed to maintain client funds in a trust account in violation of rule 4-100 (A) of the California Rules of Professional Conduct.
A notice pursuant to 22 NYCRR 691.3 was served, via substituted service, upon the respondent at his registered address in the United Kingdom, on January 18, 2012.
By letter dated February 8, 2012, the respondent explained that, in 2002, “I agreed to an active suspension of my California Bar [sic] for two years. Never was this intended to be used as a sword to pierce my ability to earn money. I am very proud of my legal license and will fight to protect my name and reputation.” He added that, at the time in question, “I was the most vulnerable that I have ever been.” According to the respondent, his then-wife and oldest child were continually hospitalized with life-threatening illnesses. The respondent alleged that he was “unprepared and unable emotionally to fight.” The respondent thereafter complied with the California State Bar requirements for reinstatement of his license and passed the professional responsibility test in the spring of 2004. However, he asserted that he “didn’t reinstate” his license in California because he no longer lived there.
The respondent learned of New York’s interest in the California proceedings in or about 2007 and again last fall. In his letter dated February 8, 2012, he requested an adjournment or extension of time to secure counsel, stating that, in his opinion, it would be neither fair nor equitable for New York to pursue this matter any further.
By letter dated February 10, 2012, the respondent’s time to serve a verified statement, pursuant to 22 NYCRR 691.3 (b), was enlarged until March 15, 2012.
Thereafter, the respondent requested an additional enlargement of his time to respond, to June 2012. By letter dated March 14, 2012, the respondent’s time to respond was enlarged until March 30, 2012.
A further request for additional time to respond was rejected on or about April 2, 2012, and the respondent was advised that he would have to make a motion. No such motion was made.
*4 Inasmuch as the respondent was put on notice that this Court would “impose such discipline or take such disciplinary action as it deems appropriate” (22 NYCRR 691.3 [b]) in the absence of a verified statement setting forth any of the three defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c), and no verified statement having been received to date, there is no impediment to the imposition of reciprocal discipline.
Under the totality of the circumstances, the respondent is suspended from the practice of law in New York for a period of two years.
Eng, P.J., Mastro, Rivera, Skelos and Hall, JJ., concur.
Ordered that the application of the Grievance Committee for the Tenth Judicial District to impose reciprocal discipline is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, the respondent, Steven E. Machat, is suspended from the practice of law for a period of two years, commencing December 24, 2012, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than June 24, 2014. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law; (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2); and (4) otherwise properly conducted himself; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent, Steven E. Machat, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Steven E. Machat, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).